# EXHIBIT 1

By Fax

1  MARCUS A. MANCINI, ESQ. (State Bar No.146905)
   VADIM YEREMENKO, ESQ. (State Bar No. 269804)
2  IMRAN RAHMAN, ESQ.(State Bar No. 308148)
   PAMELA A. TRIPLETT, ESQ. (State Bar No. 310232)
3  **MANCINI & ASSOCIATES**
   A Professional Law Corporation
4  15303 Ventura Boulevard, Suite 600
   Sherman Oaks, CA 91403
5
   (818) 783-5757  Phone
6  (818) 783-7710  Fax
7  Attorneys for Plaintiff **LAKIMYA JOHNSON**

FiLED
Superior Court of California
County of Los Angeles

MAY - 1 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Nancy Alvarez

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10

11  LAKIMYA JOHNSON,                    )   Case No.   **BC 7 0 4 7 1 3**
                                        )
12          Plaintiff,                  )   **PLAINTIFF'S COMPLAINT FOR**
                                        )   **DAMAGES:**
13      vs.                             )
                                        )   **(1)    FOR PERCEIVED AND/OR**
14                                      )          **PHYSICAL DISABILITY**
                                        )          **HARASSMENT,**
15  GATE GOURMET, INC.;                 )          **DISCRIMINATION AND**
    and DOES 1 through 100, Inclusive,  )          **RETALIATION IN VIOLATION**
16                                      )          **OF CALIFORNIA**
            Defendants.                 )          **GOVERNMENT CODE §§12940**
17                                      )          **ET SEQ. [FEHA];**
                                        )
18                                      )   **(2)    FOR HARASSMENT,**
                                        )          **DISCRIMINATION AND**
19                                      )          **RETALIATION IN VIOLATION**
                                        )          **OF CALIFORNIA**
20                                      )          **GOVERNMENT CODE**
                                        )          **§§12945.2 ET SEQ. [CFRA];**
21                                      )
                                        )   **(3)    FOR PERCEIVED AND/OR**
22                                      )          **RACE HARASSMENT,**
                                        )          **DISCRIMINATION AND**
23                                      )          **RETALIATION IN VIOLATION**
                                        )          **OF CALIFORNIA**
24                                      )          **GOVERNMENT CODE §12940**
                                        )          **ET SEQ. [FEHA];**
25                                      )
                                        )   **(4)    FOR RETALIATION AND**
26                                      )          **WRONGFUL TERMINATION**
                                        )          **IN VIOLATION OF PUBLIC**
27                                      )          **POLICY;**
                                        )
28                                      )

05.03.2018

1
**PLAINTIFF'S COMPLAINT FOR DAMAGES**



CIT/CASE: BC704713
LEA/DEPT#: ____

RECEIPT #: CCH451233016
DATE PAID: 05/03/18  09:05 AM
PAYMENT: $435.00
RECEIVED:                    310
    CHECK:      $435.00
    CASH:         $0.00
    CHANGE:       $0.00
    CARD:         $0.00

05/03/2018

| | | |
|---|---|---|
| | ) (5) | **FOR DECLARATORY RELIEF** [Permanent Injunction Requested]. |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | **UNLIMITED JURISDICTION: CASE VALUE IN EXCESS OF $25,000.00** |
| | ) | |

COMES NOW Plaintiff **LAKIMYA JOHNSON** (hereinafter referred to as "JOHNSON" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, alleges as follows:

**I.**

**FIRST CAUSE OF ACTION**

**(For Perceived and/or Physical Disability**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.     At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of Los Angeles, State of California.

2.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant GATE GOURMET, INC. (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Los Angeles, State of California.

3.     Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, alter ego, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 | fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

2 | believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

3 | responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

4 | hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as

5 | hereinafter alleged.

6 |     4.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant

7 | herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,

8 | principal, owner, partner, joint venturer, joint employer, special employer, client employer, labor

9 | contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator

10 | of each of the other Defendants, and was at all times mentioned herein acting within the course and

11 | scope of said agency and employment, and that all acts or omissions alleged herein were duly

12 | committed with the ratification, knowledge, permission, encouragement, authorization and consent

13 | of each Defendant designated herein.

14 |     5.     At all times herein mentioned, until Plaintiff's wrongful termination on or about

15 | September 29, 2016, Plaintiff was employed as a Food Assembler by Defendants and DOES 1

16 | through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's

17 | employers, managers and supervisors.

18 |     6.     Plaintiff is of the perceived and/or African-American race and, prior to her wrongful

19 | termination, had the perceived and/or physical disability(s) of right ankle injuries, associated

20 | conditions and others.

21 |     7.     On or about September 5, 2016, and continuing, Plaintiff developed and/or

22 | aggravated and/or sustained perceived and/or physical disability(s) including, but not limited to,

23 | right ankle injuries, associated conditions and others, from work activity(s).

24 |     8.     Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disability(s).

25 |     9.     Plaintiff made and/or articulated a Worker's Compensation claim(s).

26 |     10.     Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other

27 | medical and/or other negotiated leave in order to recuperate and heal, for approximately three

28 | weeks.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1     11.    Plaintiff notified her Managers and Supervisors about her injury(s), but never heard

2    back from them and sought medical assistance on her own.  Plaintiff's physician(s) placed Plaintiff

3    off work for three (3) weeks.

4     12.    After approximately three (3) weeks, Plaintiff returned to work without restrictions,

5    but after two (2) days, her ankle was still in considerable pain.  Plaintiff notified her Supervisor

6    again, saw her physician, who again placed Plaintiff off work, now for one (1) week.

7     13.    On or about September 24 and 25, 2016, Plaintiff worked.

8     14.    On or about September 26, 2016, Plaintiff was suspended "for taking too many days

9    off while on probation."

10     15.    On or about September 29, 2016, Defendants, and each of them, retaliated against

11    and wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that

12    Plaintiff was a "no call, no show" and "had taken too many days."

13     16.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of

14    them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual

15    and/or a non-African-American individual.

16     17.    At all times hereinalleged, Plaintiff was a qualified disabled worker with one or

17    more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's

18    job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's

19    fellow employees, and who was entitled to preferential reassignment.

20     18.    From September 2016, and continuing at least through September 29, 2016, and

21    continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and

22    retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s), by the

23    following continuous actions, and conduct, among others:

24     a.    Failing to determine the extent of Plaintiff's disability(s) and how they could be

25          accommodated;

26     b.    Failing to take any affirmative steps to inform Plaintiff of any job opportunities

27          within the company;

28    ///

**4**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1     c.    Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff

2           was qualified and could handle subject to Plaintiff's disability(s);

3     d.    Failing to engage in a timely, good faith, interactive process with Plaintiff to

4           determine effective reasonable accommodations;

5     e.    Denying Plaintiff medical assistance;

6     f.    Suspending Plaintiff;

7     g.    On or about September 29, 2016, retaliating against and wrongfully terminating

8           Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff

9           was a "no call, no show" and "had taken too many days;"

10    h.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of

11         them, replaced Plaintiff with and/or kept and/or treated more favorably a non-

12         disabled individual and/or a non-African-American individual;

13    i.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's

14         perceived and/or disability(s), as hereinalleged;

15    j.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff

16         requesting and/or taking and/or being entitled to CFRA and/or other lawful medical

17         leave, as hereinalleged;

18    k.    Harassing, discriminating and retaliating against Plaintiff on the basis of perceived

19         and/or race, African-American, as hereinalleged;

20    l.    Failing to rehire and/or reemploy Plaintiff.

21    19.    The acts and conduct of Defendants, and each of them, as aforesaid, was in

22 violation of California Government Code §12940 et seq. Said statutes impose certain duties upon

23 Defendants, and each of them, concerning harassment, discrimination and retaliation against

24 persons, such as Plaintiff, on the basis of perceived and/or physical disability and the prohibition of

25 perceived and/or physical disability harassment, discrimination and retaliation. Said statutes were

26 intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times

27 material hereto, an employee with a perceived and/or physical disability(s), and within the

28 protected class covered by California Government Code §12940, prohibiting perceived and/or

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   physical disability harassment, discrimination and retaliation in employment.

2       20.    By the acts and conduct described above, Defendants, and each of them, in violation

3   of said statutes, knew about, or should have known about, and failed to investigate and/or properly

4   investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and

5   discrimination.  The acts of discrimination, retaliation and harassment described herein were

6   sufficiently pervasive so as to alter the conditions of employment, and created an abusive working

7   environment.  When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

8   perceived and/or physical disability(s) and/or complaints about the unlawful conduct were a

9   substantial factor motivating and/or motivating reasons in Defendants' conduct.

10      21.    Plaintiff filed  timely charges and complaints of perceived and/or physical disability

11   harassment, retaliation and discrimination with the California Department of Fair Employment and

12   Housing and has received Notice(s) of  Right to Sue in a California Superior Court pursuant to

13   California Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's

14   administrative remedies under the California Government Code.  Attached hereto and incorporated

15   herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.

16   Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by

17   reference hereto are made a part hereof.

18      22.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

19   been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

20   including, but not limited to, loss of earnings and future earning capacity, medical and related

21   expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

22   loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

23   ascertained.

24      23.    As a direct and legal result of the acts and omissions of Defendants, and each of

25   them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

26   externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

27   discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

28   who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  time know the exact duration or permanence of said injuries, but is informed and believes, and

2  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

3       24.    As a further legal result of the acts and omissions of the Defendants, and each of

4  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

5  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

6  she will in the future be forced to incur additional expenses of the same nature, all in an amount

7  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

8  expenses at the time of trial.

9       25.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

10  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

11  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

12  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

13  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

14  loss of earnings at the time of trial.

15       26.    As a further direct and legal result of the acts and conduct of Defendants, as

16  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

17  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

18  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

19  plaintiff, who will pray leave of court to assert the same when they are ascertained.

20       27.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

21  this court.

22       28.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

23  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

24  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

25  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

26  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

27  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

28  /-/ /

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    29.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

2  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

3  provided in California Government Code § 12965(b).

4                                            II.

5                            **SECOND CAUSE OF ACTION**

6                        **(For Violation of the Family Rights Act**

7                        **[California Government Code § 12945.2]**

8                  **Against All Defendants and DOES 1 Through 100, Inclusive)**

9    30.    Plaintiff incorporates herein by reference Paragraphs 1 through 29 as though set

10  forth in full herein.

11    31.    Plaintiff was an employee of Defendants who qualified for leave due to physical

12  and/or mental disability(s) pursuant to California Government Code §12945.2 et seq.

13    32.    At all times herein mentioned, Defendants were  "Employer[s]" within the

14  definition of Government Code §12945.2, in that Defendants regularly employed 50 or more

15  people and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave

16  protection than CFRA.

17    33.    From September 2016, and continuing at least through September 29, 2016, and

18  continuing, Defendants and DOES 1 through 100, and each of them, denied and retaliated against

19  Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family Rights and Family

20  Care and Medical Leave, by the following actions, among others:

21        a.    Defendants, and each of them, harassed, discriminated against and retaliated against

22              Plaintiff, as hereinalleged, in the terms and conditions of Plaintiff's employment;

23        b.    Defendants and each of them, retaliated against Plaintiff because of Plaintiff's

24              entitlement and/or request and/or taking of the right to medical leave in violation of

25              Government Code §12945.2 et seq. by, amongst others, failing to return Plaintiff to

26              work and/or terminating Plaintiff.

27  ///

28  ///

---

                                            8
                        **PLAINTIFF'S COMPLAINT FOR DAMAGES**

34.   By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights Act.  The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.  Plaintiff's request and/or taking and/or right to take, Family Medical Leave, and/or Plaintiff's complaints about the unlawful conduct were motivating reasons in Defendants' conduct.

35.   Plaintiff filed timely charges and complaints of retaliation, harassment and discrimination in violation of the Family Rights Act with the California Department of Fair Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

36.   By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

37.   As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

/ / /

/ / /

9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

38.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

39.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

40.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

41.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

42.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

43.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

---

10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

III.

**THIRD CAUSE OF ACTION**

**(For Perceived and/or Race Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

44.    Plaintiff incorporates by reference paragraphs 1 through 43 of this complaint as though fully set forth at this place.

45.    Plaintiff is of the perceived and/or African-American race and, prior to her wrongful termination, had the perceived and/or physical disability(s) of right ankle injuries, associated conditions and others.

46.    On or about September 5, 2016, and continuing, Plaintiff developed and/or aggravated and/or sustained perceived and/or physical disability(s) including, but not limited to, right ankle injuries, associated conditions and others, from work activity(s).

47.    Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disability(s).

48.    Plaintiff made and/or articulated a Worker's Compensation claim(s).

49.    Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal, for approximately three weeks.

50.    Plaintiff notified her Managers and Supervisors about her injury(s), but never heard back from them and sought medical assistance on her own.  Plaintiff's physician(s) placed Plaintiff off work for three (3) weeks.

51.    After approximately three (3) weeks, Plaintiff returned to work without restrictions, but after two (2) days, her ankle was still in considerable pain.  Plaintiff notified her Supervisor again, saw her physician, who again placed Plaintiff off work, now for one (1) week.

52.    On or about September 24 and 25, 2016, Plaintiff worked.

53.    On or about September 26, 2016, Plaintiff was suspended "for taking too many days off while on probation."

/ / /

---

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

54.     On or about September 29, 2016, Defendants, and each of them, retaliated against and wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff was a "no call, no show" and "had taken too many days."

55.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual and/or a non-African-American individual.

56.     At all times hereinalleged, Plaintiff was a qualified disabled worker with one or more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's fellow employees, and who was entitled to preferential reassignment.

57.     From September 2016, and continuing at least through September 29, 2016, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or race, African-American, by the following continuous actions, and conduct, among others:

a.      Denying Plaintiff medical assistance;

b.      Suspending Plaintiff;

c.      On or about September 29, 2016, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff was a "no call, no show" and "had taken too many days;"

d.      Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual and/or a non-African-American individual;

e.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or disability(s), as hereinalleged;

f.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave, as hereinalleged;

///

12

g.   Harassing, discriminating and retaliating against Plaintiff on the basis of perceived and/or race, African-American, as hereinalleged;

h.   Failing to rehire and/or reemploy Plaintiff.

58.   The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or race and the prohibition of perceived and/or race harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee perceived to be and/or of the African-American race, and within the protected class covered by California Government Code §12940, prohibiting perceived and/or race harassment, discrimination and retaliation in employment.

59.   By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or race harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment described herein were sufficiently severe and/or pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's perceived and/or race and/or complaints about the unlawful conduct was a substantial factor motivating Defendants' conduct, and/or a motivating reason in Defendants' conduct.

60.   Plaintiff filed timely charges and complaints of perceived and/or race harassment, retaliation and discrimination with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

PLAINTIFF'S COMPLAINT FOR DAMAGES

61.   By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

62.   As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

63.   As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

64.   Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

65.   As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

14

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

2  plaintiff, who will pray leave of court to assert the same when they are ascertained.

3      66.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

4  this court.

5      67.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

6  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

7  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

8  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

9  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

10 awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

11     68.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

12 herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

13 provided in California Government Code § 12965(b).

14                                    IV.

15                    **FOURTH CAUSE OF ACTION**

16      **(For Retaliation and Wrongful Termination in Violation of Public Policy**

17                **Against Defendants and DOES 1 -100, Inclusive)**

18     69.    Plaintiff incorporates herein by reference Paragraphs 1 through 68 as though set

19 forth in full herein.

20     70.    At all times herein mentioned, the public policy of the State of California, as

21 codified, expressed and mandated in California Government Code §12940 was to prohibit

22 employers from discriminating, harassing, and retaliating against any individual based on

23 perceived and/or physical disability(s).  This public policy of the State of California is designed to

24 protect all employees and to promote the welfare and well-being of the community at large.

25 Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

26 terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination,

27 retaliation and  harassment, was wrongful and in contravention and violation of the express public

28 policy of the State of California, to wit, the policy set forth in California Government Code §12940

---

                                    15

                  **PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  et seq., and the laws and regulations promulgated thereunder.

2       71.    At all times herein mentioned, the public policy of the State of California, as

3  codified, expressed and mandated in California Government Code §12945.2 was to prohibit

4  employers from discriminating and retaliating against any individual based on their taking,

5  requesting or needing Family Medical Leave. This public policy of the State of California is

6  designed to protect all employees and to promote the welfare and well-being of the community at

7  large. Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

8  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination

9  and retaliation, was wrongful and in contravention and violation of the express public policy of the

10  State of California, to wit, the policy set forth in California Government Code §12945.2 et seq.,

11  and the laws and regulations promulgated thereunder.

12       72.    At all times herein mentioned, the public policy of the State of California, as

13  codified, expressed and mandated in California Government Code §12940 was to prohibit

14  employers from discriminating, harassing, and retaliating against any individual based on

15  perceived and/or race. This public policy of the State of California is designed to protect all

16  employees and to promote the welfare and well-being of the community at large. Accordingly, the

17  actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on

18  the grounds of stated above, or for complaining about such discrimination, retaliation and

19  harassment, was wrongful and in contravention and violation of the express public policy of the

20  State of California, to wit, the policy set forth in California Government Code §12940 et seq., and

21  the laws and regulations promulgated thereunder.

22       73.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

23  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

24  including, but not limited to, loss of earnings and future earning capacity, medical and related

25  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

26  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

27  ascertained.

28  / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

74.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

75.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

76.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

77.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

78.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

/ / /

/ / /

17

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    79.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

2 malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

3 of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

4 Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

5 managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

6 awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

7    80.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

8 herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

9 provided in California Code of Civil Procedure §1021.5.

10                                        **V.**

11                         **FIFTH CAUSE OF ACTION**

12      **(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

13    81.    Plaintiff incorporates herein by reference Paragraphs 1 through 80 as though set

14 forth in full herein.

15    82.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

16 trial and verdict  in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

17 Declaration of Rights and Duties pursuant to the recent ruling in *Harris  v. City of Santa Monica*,

18 (2013) 56 C.4th 203, declaring that Defendants, and each of them, their successors, agents,

19 representatives, employees and all persons who acted alone, or in concert with said Defendants,

20 and each of them,  committed acts and conduct of harassment, discrimination, retaliation, or other

21 similar acts including, but not limited to, the violations alleged in all of the relevant Causes of

22 Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as

23 prohibited by the Fair Employment and Housing Act, California Government Code §§12900 -

24 12996, and any other applicable laws, cases, codes, regulations and statutes.

25    83.    At the time of the request for Declaratory Relief, there exists and/or will exist a

26 present and actual controversy among the parties.

27    84.    This Complaint, and the relevant causes of action herein, specifically plead an

28 actual, present controversy, and the facts of the respective and underlying claims.

---

18

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

85.   At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

86.   As a result of the wrongful acts of Defendants, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

87.   As a result of the wrongful conduct of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203.

**WHEREFORE**, Plaintiff **LAKIMYA JOHNSON**, prays for judgment against the Defendants, and each of them, as follows:

1.   For general damages in an amount within the jurisdictional limits of this Court;

2.   For medical expenses and related items of expense, according to proof;

3.   For loss of earnings, according to proof;

4.   For loss of earning capacity, according to proof;

5.   For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.   For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

7.   For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8.   For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203;

9.   For prejudgment interest according to proof;

10.  For punitive and exemplary damages, according to proof;

11.  For costs of suit incurred herein; and

12.  For such other and further relief as the court may deem just and proper.

Dated: May 1, 2018

MANCINI & ASSOCIATES
A Professional Law Corporation

By:_____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**LAKIMYA JOHNSON**

05/03/2018

*EXHIBIT "A"*

1

2   **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

3   **BEFORE THE STATE OF CALIFORNIA**

4   **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
    **Under the California Fair Employment and Housing Act**
    **(Gov. Code, § 12900 et seq.)**

5

6   In the Matter of the Complaint of          DFEH No. 839379-288554
    LAKIMYA JOHNSON, Complainant.

7

8   '

9   vs.

10  Agent For Service  GATE GOURMET, INC.,
    Respondent.

11  6701 W. Imperial Highway
    Los Angeles,  California 90045

12

13

14  Complainant alleges:

15  1. Respondent **GATE GOURMET, INC.** is a **Private Employer** subject to suit under
    the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et
16  seq.).  Complainant believes respondent is subject to the FEHA.

17  2. On or around **September 29, 2016**, complainant alleges that respondent took the
    following adverse actions against complainant: **Discrimination, Harassment,**
18  **Retaliation Asked impermissible non-job-related questions, Denied a good**
    **faith interactive process, Denied a work environment free of discrimination**
19  **and/or retaliation, Denied employment, Denied equal pay, Denied family care**
    **or medical leave, Denied or forced to transfer, Denied reasonable**
20  **accommodation, Denied reinstatement, Terminated, Other, harassed**
    **discriminated against retaliated against.**  Complainant believes respondent
21  committed these actions because of their: **Ancestry, Color, Disability,**
    **Engagement in Protected Activity, Family Care or Medical Leave, Race** .
22

    3. Complainant **LAKIMYA JOHNSON** resides in the City of , State of .  If complaint
    includes co-respondents please see below.

    Date Filed: May 02, 2017

    -1-
    Complaint – DFEH No. 839379-288554



1

2   **Additional Complaint Details:**

3
    From 9/2016, and continuing at least through 9/29/16, and continuing, I was harassed,
4   discriminated against and retaliated against based on my perceived and/or race
    (African-American) and my perceived and/or physical disability(s) (right ankle injuries,
5   associated conditions, others).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Date Filed: May 02, 2017                    Complaint – DFEH No. 839379 288554

VERIFICATION

I, **Marcus A Mancini**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On May 02, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks CA**
**Marcus A Mancini**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Date Filed: May 02, 2017

Complaint-DFEH No. 639379-228554

05/03/2018

*EXHIBIT   "B"*

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

May 02, 2017

LAKIMYA JOHNSON

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 839379-288554
Right to Sue: JOHNSON / Agent For Service GATE GOURMET, INC.

Dear LAKIMYA JOHNSON,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 02, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

05/03/2018



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

05/03/2018

**By Fax**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |

Marcus A. Mancini                           SBN: 146905
MANCINI & ASSOCIATES
15303 Ventura Boulevard, Suite 600, SHERMAN OAKS, CA 91403
TELEPHONE NO: (818) 783-5757    FAX NO: (818) 783-7710
ATTORNEY FOR *(Name):* Lakimya Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse on Hill St.

CASE NAME: JOHNSON v. GATE GOURMET

**FILED**
Superior Court of California
County of Los Angeles

MAY - 1 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Nancy Alvarez

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC704713 |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 1, 2018

Marcus A. Mancini
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

| SHORT TITLE: LAKIMYA JOHNSON vs. GATE GOURMET, et al., | CASE NUMBER |
|---|---|

**CIVIL CASE COVER SHEET ADDENDUM AND
STATEMENT OF LOCATION
(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)**

BC 7 0 4 7 1 3

By Fax

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

05/03/2018

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: LAKIMYA JOHNSON vs. GATE GOURMET, et al., | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

05/03/2018

| SHORT TITLE: LAKIMYA JOHNSON vs. GATE GOURMET, et al., | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 - Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 - Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 - Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: LAKIMYA JOHNSON vs. GATE GOURMET, et al., | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>6701 W. Imperial Highway |
|---|---|
| CITY:<br>Los Angeles | STATE<br>CA | ZIP CODE<br>90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 5-1-18

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

05/03/2018

**SUM-100**

By Fax

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** GATE GOURMET, INC., and Does 1
*(AVISO AL DEMANDADO):* through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LAKIMYA JOHNSON,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

MAY - 1 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Nancy Alvarez

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California  90012 | **CASE NUMBER:** *(Número del Caso):*<br>**BC 704713** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marcus A. Mancini, Esq. MANCINI & ASSOCIATES
15303 Ventura Boulevard, Suite 600, SHERMAN OAKS, CA 91403                (818) 783-5757

| DATE: *(Fecha)* MAY 0 1 2018 | Clerk, by *(Secretario)* SHERRI R. CARTER | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |

05/03/2018